UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

KEVIN KOZAK,

        Plaintiff,

vs.

J & K ROOFING, INC.,
DONNIE HERRON,

        Defendants.
_____/

**COMPLAINT**
*{Jury Trial Demanded}*

Plaintiff, KEVIN KOZAK, through counsel, sues Defendants, J & K ROOFING, INC. and DONNIE HERRON, and alleges as follows:

**JURISDCITION AND VENUE**

1. This is an action for damages and equitable relief within the jurisdiction of this court. The Court also has supplemental jurisdiction over the pendent state claims pursuant to 28 U.S.C. § 1367.

2. Plaintiff resides in Broward County, Florida and is a past employee of Defendants and at all times material hereto, was an "employee" of Defendants, J & K ROOFING, INC. and DONNIE HERRON as defined under the Fair Labor Standards Act (FLSA), 29 USC § 201, Et Seq.

3. Plaintiff is also an employee as provided for by §§ 448.101(2) and 440.02(15)(a), Fla. Statutes., respectively and is duly afforded protection from

retaliation/interference in asserting a claim for worker's compensation under Florida law and objecting to illegal conduct of an employer.

4. Defendant, J & K ROOFING, INC., is a Florida corporation with its principal place of business in Broward County, Florida, was Plaintiff's employer under all applicable and relevant statutes.

5. Defendant, DONNIE HERRON, is a resident of Broward County, Florida and was, and now is, the managing agent, director and/or owner of Defendant, J & K ROOFING, INC.

6. All events giving rise to this action occurred in Broward County, Florida.

### FACTS PERTAINING TO PLAINTIFF'S FLSA CLAIM

7. At all times material hereto, Defendant, J & K ROOFING, INC., was engaged in commerce in the field of roofing, was the "Employer" of Plaintiff as that term is defined under statutes referenced herein, was engaged along with its employees in interstate commerce by utilizing equipment and tools that were manufactured in other states and have moved in interstate commerce and similarly uses building and construction supplies in completing its projects which have travelled in interstate commerce and had annual gross sales and/or business volume of $500,000 or more.

8. Defendant, DONNIE HERRON, as the managing agent, director and/or owner of Defendant, J & K ROOFING, INC. acted and acts directly in the interests of the Defendant, J & K ROOFING, INC. and in relation to said co-Defendant's employees. Defendant, DONNIE HERRON effectively dominates J & K ROOFING, INC. administratively or otherwise acts, or has the power to act, on

behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work of others. Thus, DONNIE HERRON was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

9. In justifiable reliance upon Defendants' representations and promises, Plaintiff accepted employment and began working for Defendants as a laborer.

10. During part of Plaintiff's employment (specifically from about 06/13/13 through about 12/6/13), as it relates to Plaintiffs' overtime claim only, Plaintiff accrued approximately $8,500 in damages by virtue of working hours in excess of 40 hours for which Defendant knowingly and wilfully failed to pay him his overtime compensation.[1]

11. Defendants have knowingly and willfully failed to pay Plaintiff his overtime pay.

## FACTS COMMON TO ALL RETALIATION CLAIMS

12. In addition to the above, on December 6, 2013, Plaintiff sustained a serious burn injury when hot tar splashed on his leg while Plaintiff was working in the course and scope of his employment with Defendant, J & K ROOFING, INC.

13. Instead of securing proper emergency medical care for Plaintiff, Defendant, J & K ROOFING, INC. had Plaintiff scrape off the tar off his leg with kerosene and then

---

[1] Plaintiff was being paid at a rate of $10 per hour. In addition to his regular 40 hour work week, Plaintiff on a weekly basis was not paid for 5-6 hours loading and unloading the truck and 3 to 6 hours per week spent travelling between job sites. Plaintiff based on good faith approximations believes that he is owed 10 hours per week of unpaid overtime at a rate of $15 per hour for a total of $300 per week inclusive of liquidated damages. Plaintiff also worked 2 Saturdays each month for 8-10 hours per day for which he was paid at $10 per hour straight time (i.e. his regular rate of pay). When extrapolated, the weekend hours amount to roughly 4 hours worked per week of overtime at a half-time rate of $5 per hour for a total weekly amount of $40 per week inclusive of liquidated damages. In sum, based on 25 weeks (06/13/13 through about 12/6/13) at $340 per week of underpaid wages (inclusive of liquidated damages), Plaintiff is owed $8,500.00.

provided Plaintiff with skin ointment telling him not to seek medical attention as the wounds were superficial in nature.

14. From December 6, 2013 until January 20, 2014, Plaintiff was on medical leave recuperating from his injuries during which time Defendant, J & K ROOFING, INC. made partial payment of Plaintiff's wages all in an attempt to circumvent reporting the matter to the worker's compensation insurance carrier.

15. On January 20, 2014, Plaintiff contacted Defendant, DONNIE HERRON and duly advised him that his leg burn was not healing and that he had spent several days in the hospital, underwent 2 skin debridement procedures and was about to undergo an expensive skin graft.

16. During his conversation with Defendant, DONNIE HERRON, Plaintiff requested Defendant to facilitate the reporting of his claim to worker's compensation.

17. In response to Plaintiff's request for assistance, Defendant instead directed Plaintiff to process his medical bills through indigent care at the hospital (i.e. in essence asking him to commit fraud).

18. When Plaintiff refused to process his medical bills through indigent care and insisted that worker's compensation should pay for his care, Defendant instead of following the law and processing a worker's compensation claim, threatened Plaintiff with termination if he insisted on proceeding with making a worker's compensation claim. Plaintiff was in fact terminated when he refused to forego his rights under worker's compensation.

19. After terminating Plaintiff, Defendant, DONNIE HERRON contacted Plaintiff and again attempted to discourage him from filing a worker's compensation and

|     |     |
| --- | --- |
|     | in order to induce him to forego his worker's compensation claim, promised to pay all of Plaintiff's medical bills and lost wages. |
| 20. | When Plaintiff again refused to cooperate with Defendant and again insisted that he was legally entitled to make a worker's compensation claim, Defendant, DONNEI HERRON reaffirmed that Plaintiff's employment was terminated. |
| 21. | Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned. |
| 22. | Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided. |

### COUNT I
### VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
### ALL DEFENDANTS

23. Plaintiff reavers and realleges paragraphs 1-11 herein.

24. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) time-and-a-half overtime pay, and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

25. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, plus costs, reasonable attorney's fees, and such other remedy as the court deems just and appropriate.

### COUNT II
### VIOLATION OF THE FLORIDA'S PRIVATE SECTOR WHISTLEBLOWER ACT
### J & K ROOFING, INC.

26. Plaintiff reavers and realleges paragraphs 1-6 and 12-22 herein.

27. Plaintiff objected to Defendant's illegal practice of unlawfully refusing to process his worker's compensation claim and demanding that he fraudulently process his medical bills under the guise that he was an indigent person with no resources.\

28. In response to Plaintiff's objections and protestations, Defendant retaliated against Plaintiff and fired Plaintiff in violation of Florida's Whistleblower Act, Section 448.102(3), Florida Statutes.

29. As a direct and proximate result of Defendant's violation of the Act, Plaintiff has suffered losses and will suffer losses including, but not limited to, loss of wages, benefits, other remuneration, and emotional distress.

WHEREFORE, Plaintiff seeks judgment against Defendant for back and front pay, lost benefits and other remuneration, compensatory damages, appropriate equitable relief including reinstatement, and award of cost, attorney's fees and expenses under Section 448.104, Florida Statutes.

### COUNT III
### VIOLATION OF § 440.205, FLORIDA STATUTES
### RETALIATION FOR WORKER'S COMPENSATION CLAIM
### J & K ROOFING, INC

30. Plaintiff reavers and realleges paragraphs 1-6 and 12-22 herein.

31. The conduct of Defendant more particularly alleged above constitutes a violation of Chapter 440.205, Fla. Stat., which makes it unlawful for any employer to discharge, threaten to discharge, intimidate or coerce any employee by reason of

such employee's valid claim for compensation or attempt to claim compensation under Florida's Worker's Compensation Law, Chapter 440, et seq., Fla. Stat.

32. As a result of Defendant's unlawful conduct in violation of Fla. Stat. § 440.205, Fla. Stat., Plaintiff has suffered compensatory damages, including past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

WHEREFORE, Plaintiff seeks that this Court grant the following relief:

(a) Declare Defendant's conduct to be in violation of Fla. Stat. § 440.205, Fla. Stat.;

(b) Award Plaintiff compensatory damages;

(c) Award Plaintiff punitive damages;

(d) Grant such other and further relief as may be deemed just and proper.

Respectfully submitted,

Loren Law Group
100 S. Pine Island Road
Suite 132
Plantation, FL 33324
Phone:      (954)585-4878
Facsimile:  (954)585-4886
E-Mail:     JLoren@Lorenlaw.com

_____
James M. Loren, Esquire
Bar No.: 55409